UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **09-CV-60935-Seitz-O'Sullivan**

SANDRA W. FILLICHIO,

     Plaintiff,

v.

COLLECTCORP CORPORATION,

     Defendant.

_____/

| FILED by *VT* D.C. |
| --- |
| ELECTRONIC |
| **June 25, 2009** |
| STEVEN M. LARIMORE |
| CLERK U.S. DIST. CT. |
| S.D. OF FLA. · MIAMI |

## COMPLAINT
### JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.     Plaintiff, SANDRA W. FILLICHIO, is a natural person and citizen of the State of Florida who resides in Broward County, Florida.

4. Defendant, COLLECTCORP CORPORATION, is a corporation and citizen of the State of Arizona with its principal place of business at Suite 260, 455 North 3 Street, Phoenix, Arizona 85004.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties. It is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

7. The purpose of the FDCPA is, *inter alia*, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. §1692(e).

8. By engaging in the abusive practices alleged herein, Defendant gained a competitive advantage over other debt collectors who comply with the law.

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's home telephone voice mail on or about the dates stated:

April 21, 2008
This message is for Sandra Fillichio. This is Rosa and I do need a call back from you as soon as possible. The number you can reach me here is 877-433-7012 at extension 8057. I can be reached directly at extension 8057 and I am calling in reference to a case number L073175780. When you call me

2

back Sandra you can use that reference number or you could use your social security number and I will be able to help you out with this matter.

April 28, 2008
This message is for Sandy Fillichio. This is Rosa and I do need a call back from you. It is a time sensitive matter. I am expecting a call back from you within the next 24 hours. The number you can reach me here is 877-433-7012 at extension 8057. Once again this is Rosa and I do need a call back at 877-433-7012 at extension 8057.

May 1, 2008
This message is for Sandra. Sandra, I do have some options for you; however, I need for you to get to me within a timely manner. The number you can reach me here is 800..I am sorry, 877-433-7012. I can be reached directly at extension 8057. Again my name is Rosa and I can be reached at 877-433-7012, extension 8057.

May 5, 2008
The message is for Sandra. This is Rosa and I do need a call back from you. It is a time sensitive matter. Please call me at 877-433-7012, extension 8057.

May 13, 2008
Hello, Sandra. This is Dan Deezer with Collectcorp. I need you to give me a call back at this number 877-433-7012. Appreciate the phone call back. That is extension 8458. Thank you.

May 19, 2008
Hello, this message is for Sandra. This is Dan Deezer with CCI. I need you to give me a call back at this number. It is 877-433-7012, extension 8458. Thank you.

June 10, 11, 13, 16, 17, 18, 23, 24, 25, 27, 30, 2008
Hello, this message is for Sandra W. Fillichio regarding a personal business matter. Please contact our office at 877-433-7012 quoting your reference number 73175780 and speak to one of our analyst to discuss the options available to you at this time. Our hours of operations are from 8 AM to 10 PM Monday through Friday. Thank you and we look forward to your call.

July 7, 2008

Sandra Fillichio. This is Kyle calling in regards to a matter of yours here that does need your immediate attention. Give me a call back when you receive this voice mail message. It is very important that I speak with you. The toll free number to reach me at, Sandra, is 1-866-541-7282 and my direct extension is 7522. When calling in, Sandra, use reference number 73412522. It is very important you return the phone call in regards to this matter here.

October 31, 2008
This message is for Sandra Fillichio. This is Ms. Reneau calling. Very important that you contact me at 866-541-7282. My extension is 7274. Your reference number is 073412522. Thank you.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages and, in some of the messages, failed to disclose Defendant's

name.

14.     Defendant communicated with Plaintiff after 9:00 PM and before 8:00

AM in Plaintiff's time zone without Plaintiff's prior consent.

15.     Defendant's messages create a false sense of urgency.

16.     Plaintiff's adult daughter heard some of Defendant's messages left on

Plaintiff's voice mail.

4

17.     Plaintiff did not authorize Defendant to communicate with her daughter.

18.     No court authorized Defendant to communicate with Plaintiff's daughter.

19.     Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left on Plaintiff's voice mail.

20.     Defendant claimed its messages were "important" and urgent when they were not.

21.     A debt collector calling a consumer about a purportedly "important" and urgent matter, who fails to disclose it is a debt collector, fails to disclose its name and fails to disclose the true purpose of its call, has engaged in a deceptive practice in order to trick the consumer into believing that the call is about a serious and time sensitive matter when the true goal is to simply increase return telephone calls and gain information from unsuspecting consumers.

22.     Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff and knew it was not permitted to communicate with Plaintiff's daughter without Plaintiff's prior consent and knew it was not permitted to communicate with Plaintiff after 9:00 PM and before 8:00 AM in Plaintiff's time zone without Plaintiff's prior consent.

5

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

23.   Plaintiff incorporates Paragraphs 1 through 22.

24.   Defendant failed to disclose in the telephone messages that it is a debt

collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F.

Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs.,

2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

25.   Plaintiff incorporates Paragraphs 1 through 22.

26.   Defendant placed telephone calls to Plaintiff without making

meaningful disclosure of its identity when it failed to disclose the purpose of

Defendant's communication in the telephone messages in violation of 15 U.S.C

§1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-

Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008);

6

<u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982);

and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT III
## CREATION OF A FALSE SENSE OF URGENCY

27.    Plaintiff incorporates Paragraphs 1 through 22.

28.    Defendant's telephone messages create a false sense of urgency in

violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT IV
## EXCESSIVE CALLING IN VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

29.    Plaintiff incorporates Paragraphs 1 through 22.

2fc3ab6e65fefb5c

30.     Defendant caused Plaintiff's telephone to ring repeatedly or

continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D.

Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT V
## THIRD-PARTY COMMUNICATION IN VIOLATION OF 15 U.S.C §1692c(b)

31.     Plaintiff incorporates Paragraphs 1 through 22.

32.     Defendant communicated with a third-party, Plaintiff's daughter,

without Plaintiff's prior consent in connection with the collection of the alleged

debt in violation of 15 U.S.C §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

8

## COUNT VI
## FALSE DECEPTIVE OR MISLEADING STATEMENT

33.     Plaintiff incorporates Paragraphs 1 through 22.

34.     Defendant used a false, deceptive or misleading representation when it claimed its messages were "important" and urgent when they were not in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.      Damages;

        b.      Attorney's fees, litigation expenses and costs of suit; and

        c.      Such other or further relief as the Court deems proper.

## COUNT VII
## FALSE REPRESENTATION OR DECEPTIVE MEANS TO COLLECT A DEBT OR OBTAIN INFORMATION

35.     Plaintiff incorporates Paragraphs 1 through 22.

36.     Defendant used a false representation or deceptive means to collect a debt or to obtain information concerning Plaintiff when it claimed its messages were "important" and urgent when they were not in violation of 15 U.S.C. §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.      Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT VIII
## COMMUNICATION AT AN IMPERMISSIBLE TIME IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37.     Plaintiff incorporates Paragraphs 1 through 22.

38.     Defendant communicated with Plaintiff after 9:00 PM and before 8:00 AM in Plaintiff's time zone without Plaintiff's prior consent in violation of Fla. Stat. §559.72(17).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT IX
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

39.     Plaintiff incorporates Paragraphs 1 through 22.

40.     Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing its name, that it is a debt collector, and the purpose of its communications, by communicating with Plaintiff's daughter without Plaintiff's prior consent, by communicating with Plaintiff at an

10

impermissible time without Plaintiff's prior consent, and by claiming the communication was important and or urgent when it was not, all done when it knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

**COUNT X**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER**
**COLLECTION PRACTICES ACT**

41.    Plaintiff incorporates Paragraphs 1 through 22.

42.    By failing to disclose its name, that it is a debt collector, and the purpose of its communication, by claiming the matter was important and or urgent when it was not, by communicating with Plaintiff's daughter without Plaintiff's prior consent, by communicating with Plaintiff at an impermissible time without Plaintiff's prior consent, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass Plaintiff, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

11

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT XI
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

43.      Plaintiff incorporates Paragraphs 1 through 22.

44.      Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FCCPA.

45.      The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

46.      Plaintiff seeks a permanent injunction prohibiting Defendant from engaging in debt collection practices violative of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

      a.      declaring that Defendant's practices violate the FCCPA;

      b.      permanently injoining Defendant from engaging in the violative practices;

      c.      Attorney's fees, litigation expenses and costs of suit; and

      d.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this _24_ day of June, 2008.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

13

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Sandra W. Fillichio

**DEFENDANTS**

Collectcorp Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339. TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

*0i cQ CV 60935- Seitz O'Sullivan*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
**DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS**

| II. | BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. | CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|---|---|---|---|---|

|  |  | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 ☐ 1 | | Incorporation and Principal Place of Business in This State | 1 | 1 |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 ☐ 2 | | Incorporation and Principal Place of Business in Another State | 2 | 2 |
|  |  | Citizen or Subject of a Foreign Country ☐ ☐ 3   3 | | Foreign Nation ☐ ☐ | 3 | 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** **1-2** days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT**   (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 362 Pers. Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury-Prod. Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4 Refiled ☐ 5. Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION No   DEMAND $ N/A   ☐ UNDER F.R.C.P. 23

Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   DOCKET NUMBER

DATE: June 24 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No. _____   Amount: *300 00*
   Date Paid: _____   M/ifp: _____

S/F 1-2
REV. 9/94

*346645*